MORISON v. NEW YORK EL. R. CO. et al.

(Supreme Court, General Term, First Department.   December 15, 1893.)

APPEAL—WHO MAY TAKE.

Where a complaint alleges that defendant railroad company was illegally incorporated, but asks for an injunction against the maintenance of its railroad, and also for damages, if the court should determine that it is a valid corporation, and a judgment for damages is rendered in favor of plaintiff, he is not aggrieved by a failure to find that defendant was illegally incorporated.

Appeal from judgment on report of referee.

Action by David R. Morison against the New York Elevated Railroad Company and another for injunction against the maintenance and operation of defendants' railroad company in front of plaintiff's premises, No. 318 Greenwich street, New York, and incidentally to recover such damages as have been or may be occasioned by such railroad.   Judgment was rendered enjoining defendants from further operation and maintenance of their railroad in front of plaintiff's premises unless in the time limited they pay the plaintiff $5,000 for conveyance of property occupied by their railroad, and $3,631.20 damages and $9,390 costs.   Plaintiff appeals.   Dismissed.

For appeal by defendants from the same judgment, see 26 N. Y. Supp. 641.

The ground of plaintiff's appeal is stated in his brief as follows:

The plaintiff, as well as the defendants, appeals from the judgment in this action, and the plaintiff's appeal is taken on the judgment roll alone, in compliance with Code Civil Proc. § 998. The action was brought to secure an injunction against the maintenance and operation of an elevated railroad in front of the plaintiff's premises, No. 318 Greenwich street, New York, and incidentally to recover such damages as have been or may be occasioned by such railroad. Judgment was entered on the report of the referee who was appointed to hear and determine. That judgment was ostensibly in favor of the plaintiff, and appears to fix his damages to the fee at $5,000, and award him $3,600 for damage to the rental value of his premises. The judgment is ostensibly against the New York Elevated Railroad Company and the Manhattan Railway Company, but the plaintiff claims that in reality it is a judgment against the Manhattan Railway Company alone, which said alleged company is a fictitious organization, and has never had any existence whatever. The plaintiff's judgment, therefore, is against a myth, and does not afford him the slightest relief. The plaintiff claims that the judgment should show, in accordance with the findings of fact, that the so-called Manhattan Railway Company has never had any existence; that the officers who have been masquerading as officers of the Manhattan Railway Company are really, and have always been, officers of the New York Elevated Railroad Company; and that the New York Elevated Railroad Company should have been decreed responsible for the damage done to the plaintiff. The plaintiff will therefore attempt to show to this court that the Manhattan Railway Company has never had any existence, and that he is damaged to the extent of his judgment being rendered worthless by the adjudication that the New York Elevated Railroad Company has gone out of existence, and that the Manhattan Railway Company does or ever did exist.

Argued before VAN BRUNT, P. J., and O'BRIEN and PARKER, JJ.

Andrews & Purdy, (L. H. Andrews, of counsel,) for appellant.

Davies & Rapallo, (J. T. Davies, of counsel,) for respondents.

VAN BRUNT, P. J.   The plaintiff in this action appeals from each and every part of the judgment herein.   In the case previously argued the court has sustained his appeal so far as to reverse the judgment and direct a new trial.   But the plaintiff claims that the ground of his appeal is that the referee refused to find that the Manhattan Railway Company was illegally incorporated.   It is true that the plaintiff in his complaint had allegations tending to this result, but by his prayer he asks for an injunction against the maintenance of the structure of defendants' road, and that, if the court should determine that the defendants are, or either of them is, a valid existing corporation, then that the plaintiff have judgment against such corporations and corporation so existing, etc. Pursuant to this prayer for relief the referee adjudged the defendants existing corporations, and gave judgment for the damages sustained by the erection and maintenance of the roads.   This judgment being as asked for by the plaintiff, it is difficult to see how he is aggrieved thereby, and we are of opinion that he is not aggrieved thereby, and that his appeal should be dismissed, with $10 costs and disbursements.   All concur.